UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:

CENTRAL PARK ESTATES, LLC,

                            Debtor.

----------------------------------------------------------x

Chapter 7 (Involuntary)

Case No. 12-11703 (JMP)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE
UNITED STATES TRUSTEE TO DISMISS INVOLUNTARY CASE WITH PREJUDICE**

TO THE HONORABLE JAMES M. PECK, BANKRUPTCY JUDGE:

      Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), does hereby file this memorandum in support of her motion pursuant to 11 U.S.C. §§ 303, 305 and 707 for an order dismissing this Involuntary Chapter 7 case with prejudice. In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

      In order to halt a state court ordered foreclosure sale ("Foreclosure Sale"), Mandel Minkov ("Minkov"), the purported petitioning creditor, misrepresented that an involuntary bankruptcy petition had been filed in the United States Bankruptcy Court for the Southern District of New York prior to the time the involuntary petition had actually been filed. Minkov also presented false documents in connection with the Foreclosure Sale which purportedly were signed by the Clerk and Deputy Clerk of the Bankruptcy Court for the Southern District of New York in order to demonstrate that an involuntary petition had been filed. Accordingly, this case was filed by Minkov in bad faith and should be dismissed with prejudice.

**Facts**

The Foreclosure Sale

1. Pursuant to a Notice of Sale, in accordance with a Judgment of Foreclosure and Sale, the Foreclosure Sale was scheduled for 9:15 a.m. on April 25, 2012. See Exhibit 1. The property to be sold was located in the Town of Fallsburg, County of Sullivan, State of New York. The property was owned by Central Park Estates, LLC ("Central").

2. A few minutes before 9:00 a.m., the state court appointed referee ("Referee") conducting the Foreclosure Sale received a call from her office. The Referee was advised that her office had received via facsimile a notice stating that an involuntary bankruptcy case had been filed for Central, and that a stay had been imposed pursuant to 11 U.S.C. § 362. See Exhibit 2.

3. At 9:00 a.m. on April 25th, counsel for a secured creditor, VNB New York Corp. ("VNB") received a fax notice that an involuntary petition had been filed against Central. See Exhibit 3. The fax notice contained a document that was purportedly signed by the Clerk and Deputy Clerk of the Bankruptcy Court. Id. The time stamp on the top of each page of the fax notice was 9:00 a.m. Id.

The Involuntary Petition

4. An involuntary Chapter 7 petition (the "Involuntary Petition") was filed in the United States Bankruptcy Court for the Southern District of New York against Central on April 25, 2012. The time that the Involuntary Petition was time stamped by the Bankruptcy Court was 9:25 a.m., after the scheduled time of the Foreclosure Sale and after the Referee and counsel for VNB had received notice that an involuntary petition had been commenced against Central.

5.  The Involuntary Petition was signed by Minkov, who asserted that he was a partner and associate of Central Park & Green Hills Associates. See Exhibit 4.

### The Documents Received by VNB

6.  As stated above, the Referee and counsel for VNB received documents via facsimile that purported to demonstrate that the automatic stay precluded the Foreclosure Sale from proceeding. The first document was a "Notice of Stay." This document stated in sum and substance that the Foreclosure Sale was stayed because a bankruptcy petition had been filed on April 25, 2012. See Exhibit 3. The second document was a "Notice of Attachment of Automatic Stay of All Actions and Proceedings and Entry and Execution of Judgment Pursuant to 11 U.S.C. 362" (the "Notice of Attachment"). The Notice of Attachment was "s slashed" in two places to indicate that it had been signed on April 25, 2012, by both the Clerk and Deputy Clerk of the United States Bankruptcy Court for the SDNY. Id.

7.  The undersigned spoke with Una O'Boyle, the Deputy Clerk of the Bankruptcy Court for the Southern District of New York. Ms. O'Boyle stated that the Bankruptcy Court did not use the form Notice of Attachment and neither she or the Clerk of the Court ever signed such a form. See Declaration of Paul K. Schwartzberg attached hereto as Exhibit 5. In addition, at a status conference held in this case on June 14, 2012, Vito Genna, the Clerk of the Court, stated on the record that he had not signed the Notice of Attachment. Id.

## **Argument**

### Dismissal of an Involuntary Petition is Proper Under 11 U.S.C. §§ 305(a)(1) and 707(a)

Pursuant to Bankruptcy Code § 305(a)(1), "[t]he Court, after notice and a hearing, may dismiss a case under this title . . . at any time-if (1) the interests of creditors and the debtor would

3

be better served by such dismissal . . ." 11 U.S.C. § 305(a)(1). Pursuant to 11 U.S.C. § 707(a), "[t]he court may dismiss a case under this chapter only after notice an a hearing for cause . . ." 11 U.S.C. § 707(a).

Accordingly, bankruptcy Courts have held that a creditor or other party in interest may move to dismiss an involuntary petition pursuant to 11 U.S.C. §§ 305(a)(1) and 707(a). See In re Jr. Food Mart of Arkansas, Inc., 234 B.R. 420, 422 (Bankr. E.D. Ark. 1999)(prohibiting a creditor or other party in interest from seeking dismissal under sections 305 and 707(a) of an involuntary case would permit abuse filings without restraint); In re Westerleigh Development, Corp., 141 B.R. 38 (dismissing involuntary bankruptcy case upon 50% shareholder's motion to dismiss pursuant to section 305); In re MacFarlane Webster Assoc., 121 B.R. 694, 696 (Bankr. S.D.N.Y. 1990)(dismissal under section 707(a) includes both voluntary and involuntary cases).

Bad Faith Constitutes Cause to Dismiss Involuntary Petition

Courts routinely dismiss involuntary petitions bearing indicia of bad faith. See In re Abir 2007 WL 4556909 (Bankr S.D.N.Y). In Abir, a law firm which represented the debtor in several non-bankruptcy matters, filed an involuntary chapter 11 petition against the debtor, thereby stopping a pending foreclose sale by a secured creditor. Abir 2007 WL 4556969 * 1 and 3. Upon the secured creditor's motion to dismiss, the court found that there was "sufficient evidence of concerted action between the Debtor and a "friendly" creditor and that their principal purpose in filing the [involuntary] Chapter 11 case was to frustrate the rights of another creditor in its exercise of State Court remedies." Id. at *5. Accordingly, in holding that it is "well-established that courts have authority to dismiss an involuntary Chapter 11 petition filed in bad faith", id. at *4, the bankruptcy court granted the secured creditor's motion and dismissed the

4

case.  Id. at *8.  See also In re Grossinger, 268 B.R. 386 (Bankr S.D.N.Y. 2001)(court dismissed involuntary petition and imposed sanctions on petitioning creditor's counsel for filing in bad faith when creditor clearly failed to meet the requirements under section 303); In re Winn, 49 B.R. 237 (Bankr. 1985)(court dismissed involuntary petition on the basis of bad faith, finding that the involuntary case was merely a second attempt to frustrate judgment creditor); cf. F.D.I.C v. Cortez, 96 F.3d 50 (2d Cir. 1996)(involuntary petition may be deemed void when there is concerted action between the debtor and the petitioning creditor and the parties fraudulently invoke the jurisdiction of the bankruptcy court).

        This Case Was Filed in Bad Faith and Should be Dismissed With Prejudice

        As discussed above, Minkov prepared and delivered false documents in order to further a scheme of halting the Foreclosure Sale.  Minkov misrepresented that an involuntary bankruptcy petition had been filed in the United States Bankruptcy Court for the Southern District of New York prior to the time the Involuntary Petition had been filed.  Minkov also presented false documents purporting to have been signed by the Clerk and Deputy Clerk of the Bankruptcy Court for the Southern District of New York in order to falsely demonstrate that an involuntary petition had been filed.  These actions are clear indications of fraud and bad faith.  Minkov's fraudulent actions not only constitute cause for dismissal, but dismissal of the case would be in the best interest of VNB, the only known creditor of the estate.  See 11 U.S.C. §§ 305(a)(1) and 707(a); In re Abir 2007 WL 4556909 (Bankr S.D.N.Y).  Additionally, because of the fraud involved in this case, the United States Trustee recommends that the Court dismiss this case with prejudice to prevent this Debtor from being eligible for relief under Title 11 for one year from

the entry of an order dismissing this case.  See In re Stephen's 350 East 116th St., 313 B.R. 161 (Banrk. S.D.N.Y. 2004)(dismissal order, with prejudice, for bad faith filing).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this case with prejudice and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       June 26, 2012

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                         By:    /s/ *Paul K. Schwartzberg*
                                       Paul K. Schwartzberg
                                        Trial Attorney
                                        33 Whitehall Street, 21st Floor
                                        New York, New York 10004-2112
                                        Tel. No. (212) 510-0500